Stuart A. Krause, Esq.
Daniel P. Rubel, Esq.
ZEICHNER ELLMAN & KRAUSE LLP
1211 Avenue of Americas
New York, New York 10036
(212) 223-0400
Attorneys for Petitioners
  *Hugh Dickson and John Royle*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE APPLICATION OF HUGH DICKSON AND JOHN ROYLE PURSUANT TO 28 U.S.C. § 1782 FOR DISCOVERY IN AID OF FOREIGN PROCEEDINGS, | Civil Action No.: _____ |

**MEMORANDUM OF LAW IN SUPPORT OF HUGH DICKSON AND JOHN ROYLE'S APPLICATION FOR JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. § 1782**

ZEICHNER ELLMAN & KRAUSE LLP
1211 Avenue of Americas
New York, New York 10036
(212) 223-0400

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ........................................................................................... 1

STATEMENT OF FACTS ..................................................................................................... 2

THE FOREIGN PROCEEDING ........................................................................................... 2

ARGUMENT ............................................................................................................................ 6

POINT I      THE APPLICATION SATISFIES THE REQUIREMENTS
OF SECTION 1782 .................................................................................. 6

     A.    THE RESPONDENTS ARE FOUND IN NEW YORK ............................. 7

     B.    THE DISCOVERY IS FOR USE IN A FOREIGN
PROCEEDING BEFORE A FOREIGN TRIBUNAL ................................ 7

     C.    THE RECEIVERS ARE INTERESTED PERSONS ................................ 10

POINT II     THE 1782 APPLICATION SHOULD BE GRANTED IN
THE COURT'S DISCRETION ............................................................. 11

     A.    THE EVIDENCE SOUGHT IS NOT WITHIN THE
FOREIGN TRIBUNAL'S JURISDICTIONAL REACH,
AND WILL BE INACCESSIBLE ABSENT SECTION
1782 ............................................................................................................. 11

     B.    THE NATURE OF THE FOREIGN TRIBUNAL, THE
CHARACTER OF THE PROCEEDINGS UNDERWAY
ABROAD, AND THE RECEPTIVITY OF THE FOREIGN
GOVERNMENT OR THE COURT OR AGENCY
ABROAD TO U.S. FEDERAL-COURT JUDICIAL
ASSISTANCE ARE ALL IN FAVOR OF GRANTING
THE 1782 APPLICATION ........................................................................ 12

     C.    THE 1782 APPLICATION DOES NOT CONCEAL AN
ATTEMPT TO CIRCUMVENT FOREIGN PROOF
GATHERING RESTRICTIONS OR OTHER POLICIES
OF A FOREIGN COUNTRY OR THE UNITED STATES ..................... 13

     D.    THE INFORMATION SOUGHT IS NOT UNDULY
INTRUSIVE OR BURDENSOME ............................................................ 13

CONCLUSION ...................................................................................................................... 13

# TABLE OF AUTHORITIES

**Case(s)**                                                                                                                   **Page(s)**

Accent Delight Int'l v. Sotheby's, Inc.
   (In re Accent Delight Int'l), 2019 U.S. App. LEXIS 33785, __ Fed. Appx. __, 2019
   WL 5960348 (2d Cir. Nov. 13, 2019) ................................................................... 11

Ahmad Hamad Algosaibi & Bros. Co. v. Std. Chtd. Int'l (USA) Ltd.,
   785 F. Supp. 2d 434, 2011 U.S. Dist. LEXIS 53905 (SDNY 2011) .................... 7

In re Application of Hill,
   2005 U.S. Dist. LEXIS 10838 (SDNY June 3, 2005) ........................................ 10

Brandi-Dohrn v. IKB Deutsche Industriebank AG,
   673 F.3d 76 (2d Cir. 2012) ............................................................................ 6-7, 8

In re Chevron Corp.,
   633 F.3d 153, 2011 U.S. App. LEXIS 2112 (3rd Cir. 2011) ................................ 7

Conduct Discovery for Use in Foreign Proceedings,
   2018 U.S. Dist. LEXIS 42258 (DConn 2018) ....................................................... 8

Deposit Ins. Agency v. Leontiev,
   2018 U.S. Dist. LEXIS 122705 (SDNY Jul. 23, 2018) .................................... 8, 10

Intel Corp. v. Advanced Micro Devices, Inc.,
   542 U.S. 241, 124 S. Ct. 2466, 159 L. Ed. 2d 355 (2004) ......................... 8, 10, 11

In re Oxus Gold PLC,
   2007 U.S. Dist. LEXIS 24061, 2007 WL 1037387 (DNJ Apr. 2, 2007) ............. 10

Symeou v. Hornbeam Corp.
   (In re Hornbeam Corp.), No. 17-658-cv, 2018 U.S. App. LEXIS 985 (2d Cir. Jan.
   16, 2018) ............................................................................................................... 6

In re Temp. Servs. Ins., Ltd.,
   2009 U.S. Dist. LEXIS 77189 (WDNY Apr. 8, 2009) .......................................... 8

**Statutes**

28 U.S.C. § 1782 ................................................................................... 1, 6-8, 10-13

**PRELIMINARY STATEMENT**

Hugh Dickson and John Royle, individuals appointed as receivers of the sole share of the Cayman Islands based company Britannia Holdings (2006) Limited ("BH06" and the "Share") by the Grand Court in the Cayman Islands (the "Receivers"), submit this memorandum of law in support of their application pursuant to 28 U.S.C. § 1782 appointing a Commissioner of the Court to facilitate the issuance of subpoenas and gathering of evidence from Chelsea Associates LLC ("Chelsea"), CohnReznick LLP ("Cohn Reznick"), Marcum LLP ("Marcum"), RECAP Chelsea Investment, LLC ("RECAP Chelsea"), and the Albanese Organization Inc. ("Albanese") (Collectively the "Respondents") for use in a foreign proceeding in the Cayman Islands, captioned <u>Lea Lilly Perry and Tamar Perry v. Lopag Trust Reg., Private Equity Services (Curacao) NV, Fiduciana Verwaltungsanstalt, Gal Greenspoon Perry, Yael Perry, Dan Greenspoon, Ron Greenspoon and Mia Greenspoon</u> (the "Foreign Proceeding").

The Receivers were appointed by the Grand Court of the Cayman Islands, in connection with the Foreign Proceeding, to protect and preserve the value of the Share. BH06 is the 99% shareholder of a New York based company, greetnWin.com Inc. ("GNW"). Despite repeated requests made by the Receivers and the directors of GNW (the "GNW Directors") on behalf of the Receivers, Michael Jacob ("Jacob"), the former sole director of GNW, who had possession and is still believed to be in possession of GNW's company records, has failed to cooperate and provide required information. The Receivers need the requested corporate documents and records in order to, <u>inter alia</u>,

preserve the value of the Share, properly perform their duties to manage, through their agents, GNW's affairs including the filing of GNW's tax returns, prepare financials reports to the parties in the Foreign Proceeding and to file court mandated accurate records with the Grand Court of the Cayman Islands.[1]

## STATEMENT OF FACTS

### The Foreign Proceeding

The Foreign Proceeding involves a dispute between plaintiffs Lea and Lilly Perry, and multiple defendants, including, among others, Lopag Trust Reg., Private Equity Services (Curacao) N.V., Fiduciana Verwaltungsanstalt, and Yael Perry, regarding the ownership and control of, inter alia, BH06. BH06 is a 99% shareholder of GNW. The Receivers were appointed to protect and preserve the value of the Share pursuant to the Order of the Grand Court in the Foreign Proceeding dated April 5, 2018 (the "Order"). See Royle Declaration, Exhibit A. The Order requires the Receivers to, among other things, preserve and protect the Share and the value of the Share until the conclusion of the Foreign Proceeding. See Id, Exhibit A, ¶ 3 a. An order signed on consent by all the parties in the Foreign Proceeding in September 2019, amended the Order by providing that the Receivers will remain in their judicially appointed roles until the Grand Court issues an Order terminating the receivership. See Id, Exhibit B. The

---

[1] Unless otherwise defined, all capitalized terms shall have the meaning attributed to them in the accompanying declarations of John Royle (the "Royle Declaration") and Adrian Mackay (the "Mackay Declaration").

Receivers are granted authority to commence any legal proceeding in any jurisdiction on behalf of BH06. See Id, Exhibit A, ¶ 4 g.

GNW owns 49.5% of the shares of RECAP Chelsea, LLC ("RECAP Chelsea") a Delaware limited liability company. RECAP Chelsea in turn owns a 24% membership interest in Chelsea Associates, which in turn owns the Vanguard Chelsea apartment building (the "Building") located at 77 West 24th Street in New York, New York, a 31 story and 299-unit residential apartment complex in the Chelsea section of Manhattan. Most of the Building's income is derived from apartment rentals. Generally, income in excess of operational and financial expenses is supposed to be distributed in accordance with percentage ownership to RECAP Chelsea and then onward to GNW. GNW is required to declare such income for tax purposes. See Mackay Declaration, ¶ 18.

Solid ISG Capital US Inc. ("Solid"), a New York based corporation, also retains a 49.5% membership interest in RECAP Chelsea and H.Q. Capital Real Estate L.P. ("HQCRE") holds a 1% membership interest. HQCRE was the managing member and asset manager of RECAP Chelsea from its inception in 1998 through December 2015, until Jacob, in his capacity as the sole director of both GNW and Solid, removed HQCRE as the managing member of RECAP Chelsea and appointed GNW and Solid as co-managing members of RECAP Chelsea. See Royle Declaration, ¶¶ 18-19. Pursuant to officer's certificates dated May 25, 2016 and executed by Jacob on behalf of GNW and Solid, GNW and Solid each separately authorized Neil Duggan ("Duggan") to act as their

agent in connection with RECAP Chelsea's investments in Chelsea Associates. See Mackay Declaration ¶ 16, Exhibit G.

It is imperative that the Receivers have access to the requested records, information and documents in order to, among other things: (a) understand the current status of GNW's assets so the GNW Directors can file and execute accurate outstanding tax returns and Report of Foreign Bank and Financial Reports ("FBAR") for the years 2015-2018; (b) allow the appointed agents of the Receivers, the GNW Directors and BH06 Directors, to properly manage GNW and BH06's financial affairs by being provided access to all of GNW's current bank accounts; (c) determine the current status of the RECAP Chelsea investment, including whether GNW is entitled to any distributions, and the background and circumstances of loans that have been extended from RECAP Chelsea to outside entities and how these loans impact the value of GNW; (d) provide the parties in the Foreign Proceeding with accurate monthly financial reports for BH06; (e) file accurate submissions with the Grand Court for remuneration for Receivers' fees; and (f) determine the current financial status of Chelsea Associates to assess the potential value of the Vanguard Chelsea real estate. See Royle Declaration, ¶ 21. All of these are critical to the Receivers' duty to preserve the value of the Share and to make required reports.

Despite repeated requests from the Receivers, the GNW Directors and GNW's legal counsel, Zeichner Ellman and Krause LLP ("ZEK"), both Duggan and Jacob have failed to provide documents and information that are necessary for the GNW

4

Directors to manage GNW's business, including the filing of its tax returns for the years 2015 - 2018. The Receivers and GNW Directors have made numerous good faith efforts to obtain relevant information from Duggan and Jacob. To date, Duggan and Jacob have failed to adequately cooperate and provide complete information. <u>See</u> Royle Declaration, ¶ 22; Mackay Declaration ¶¶ 27-28.

CohnReznick undertakes accounting and tax work for RECAP Chelsea, and should be able to answer many questions regarding RECAP Chelsea's financial activities. In addition, it should be able to provide the Receivers with certain missing tax information (such as state and city form K-1s for example) that Jacob and others have refused to provide. <u>See</u> Royle Declaration, ¶ 24.

Chelsea Associates, which owns the Vanguard Chelsea building, should be able to assist with questions relating to operations of the property and its financial condition including its distribution history and the potential for future distributions. <u>See</u> Royle Declaration, ¶ 25.

Marcum undertakes GNW's accounting and tax work and should be able to provide information and answer questions relating to GNW's tax and information returns and FBARs, and communications with Jacob regarding these issues. <u>See</u> Royle Declaration, ¶ 26.

Albanese manages Chelsea Associates.

The Receivers and GNW Directors have made multiple attempts to obtain the requested documents from the Respondents prior to making this application.

## ARGUMENT

### POINT I

### THE APPLICATION SATISFIES THE REQUIREMENTS OF SECTION 1782

Pursuant to 28 USC § 1782(a):

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

To summarize, there are three requirements under 28 USC § 1782: (1) the person from whom discovery is sought must reside or be found within the court's district; (2) the discovery must be for use in a foreign proceeding before a foreign tribunal; and (3) the application must be made by an interested person. See Symeou v. Hornbeam Corp. (In re Hornbeam Corp.), No. 17-658-cv, 2018 U.S. App. LEXIS 985, at *2 (2d Cir. Jan. 16, 2018), quoting Brandi-Dohrn v. IKB Deutsche Industriebank AG, 673 F.3d 76, 80

6

(2d Cir. 2012). The Receivers' 1782 application (the "1782 Application") meets all three requirements.

A.   **THE RESPONDENTS ARE FOUND IN NEW YORK**

Each of the Respondents conduct business in New York and maintain offices or their principal places of business in New York or are incorporated in New York. See Mackay Declaration ¶ 32. Accordingly, this District has jurisdiction under 28 USC § 1782 to obtain discovery from the Respondents. See Ahmad Hamad Algosaibi & Bros. Co. v. Std. Chtd. Int'l (USA) Ltd., 785 F. Supp. 2d 434, 438, 2011 U.S. Dist. LEXIS 53905, *10 (SDNY 2011) ("All of the respondents have offices and do business in Manhattan and thus 'reside' in the Southern District of New York."); see also In re Chevron Corp., 633 F.3d 153, 155, 2011 U.S. App. LEXIS 2112, *1-2, 41 ELR 20087 (3rd Cir. 2011) (28 USC § 1782 provides in material part that "[t]he district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal.").

B.   **THE DISCOVERY IS FOR USE IN A FOREIGN PROCEEDING BEFORE A FOREIGN TRIBUNAL**

Discovery is sought by the Receivers in the Foreign Proceeding which is pending in the Grand Court of the Cayman Islands. The Grand Court of the Cayman Islands is recognized as an appropriate venue to be considered a foreign tribunal for

7

purposes of a 1782 Application. In re Temp. Servs. Ins., Ltd., 2009 U.S. Dist. LEXIS 77189 (WDNY Apr. 8, 2009) (finding that the Grand Court of the Cayman Islands is a foreign tribunal under 28 USC § 1782).

In deciding the prong of 1782 of whether discovery is "for use in a foreign proceeding" the courts afford a broad interpretation. Deposit Ins. Agency v. Leontiev, 2018 U.S. Dist. LEXIS 122705, *8, 2018 WL 3536083 (SDNY Jul. 23, 2018). The evidence being sought after need not be admissible, or even discoverable under the rules of the foreign jurisdiction. Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 260, 124 S. Ct. 2466, 159 L. Ed. 2d 355 (2004); Brandi-Dohrn v. IKB Deutsche Industriebank AG, 673 F.3d 76, 82 (2d Cir. 2012); see also In re China Petrochemical Dev. Corp. for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings, 2018 U.S. Dist. LEXIS 42258, *12-13, 2018 WL 1320665 (DConn 2018) ("In addition, the Second Circuit has held that where there are circumstances in which new evidence may be heard in a foreign proceeding, the 'for use' requirement has been satisfied, 'regardless of how narrow those circumstances might be.'", quoting Brandi-Dohrn, 673 F.3d at 83.) The moving party needs to demonstrate that the evidence being sought is relevant to the foreign proceeding. In re Application Pursuant to 28 U.S.C. Section 1782 for an Order Permitting Christen Sveaas to Take Discovery from Dominique Levy, L & M Galleries & other non-participants for use in Actions Pending in the Norway, 249 F.R.D. 96, 107 (SDNY 2008) (Where relevance is in doubt in a 1782 application, the district court should be permissive. The requested evidence was relevant to the foreign proceeding, and therefore could be "for use" in the foreign proceeding).

8

The evidence being sought by the Receivers is certainly relevant to the Foreign Proceeding. The discovery sought will be used in proceedings before foreign tribunals because it will be utilized by the Receivers, in their capacity as judicial officers appointed by the court, in a number of ways: (1) Access to information including bank accounts, financial documents, documents and records relating to GNW and RECAP Chelsea and Chelsea Associates, and information which could assist in GNW in filing its tax returns will allow the Receivers to fulfill their fiduciary duties as required under the Order and to protect and preserve the value of the Share; (2) The Receivers provide parties in the Foreign Proceeding with accounting reports relating to BH06 on a monthly basis (the Receivers cannot fully and accurately prepare these reports without access to GNW's financial records and accounts); and (3) As required under ¶ 5 of the Order, the Receivers periodically file applications with the Grand Court for remuneration of receivership fees. These applications include a sworn affidavit submitted by the Receivers, which are accompanied by reports detailing BH06's financial activities. In filing these reports with the Grand Court, in order to provide a complete and accurate accounting of BH06's financial affairs, the Receivers require complete and timely copies GNW's financial records to be included as part of their submissions. In sum, the Receivers cannot fulfill their judicial functions as court appointed agents managing the Share or present relevant evidence to the Cayman court in the forms of filings without possessing the sought-after evidence.

## C. THE RECEIVERS ARE INTERESTED PERSONS

Courts have held that the terms "interested persons" under 1782 is not limited to actual litigants in any action and includes officers or agents appointed by foreign courts such as a receiver or liquidator. Deposit Ins. Agency v. Leontiev, 2018 U.S. Dist. LEXIS 122705, *1, 2018 WL 3536083 (SDNY Jul. 23, 2018) (Russian court appointed receiver properly filed § 1782 application); In re Application of Hill, 2005 U.S. Dist. LEXIS 10838, *6, 2005 WL 1330769 (SDNY June 3, 2005) (Liquidator considered an appropriate applicant under § 1782); see also Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 257, 124 S. Ct. 2466, 2478, 159 L. Ed. 2d 355, 372-373, 2004 U.S. LEXIS 4570, *31, 71 U.S.P.Q.2D (BNA) 1001, 1009, 72 U.S.L.W. 4528, 2004-1 Trade Cas. (CCH) P74,453, 64 Fed. R. Evid. Serv. (Callaghan) 742, 58 Fed. R. Serv. 3d (Callaghan) 696, 17 Fla. L. Weekly Fed. S 399 ("any 'interested person' is "intended to include not only litigants before foreign or international tribunals, but also foreign and international officials as well as any other person whether he be designated by foreign law or international convention or merely possess a reasonable interest in obtaining the assistance"); In re Oxus Gold PLC, 2007 U.S. Dist. LEXIS 24061, *19, 2007 WL 1037387 ("Interested Person" reaches beyond the litigants).

There is no dispute that the Receivers were appointed in the Foreign Proceeding under the terms of the Order. See Royle Declaration, Exhibit A. Accordingly, they are defined as interested persons in the Foreign Proceeding under the terms of § 1782.

## POINT II

## THE 1782 APPLICATION SHOULD BE GRANTED IN THE COURT'S DISCRETION

The Supreme Court has identified four factors that are relevant to the discretionary determination of deciding an application under section 1782: (1) whether the evidence sought is within the foreign tribunal's jurisdictional reach, and thus accessible absent section 1782 aid; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance; (3) whether the request conceals an attempt to circumvent foreign proof gathering restrictions or other policies of a foreign country or the United States; and (4) whether the subpoena contains unduly intrusive or burdensome requests. See Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 264-65, 124 S. Ct. 2466, 159 L. Ed. 2d 355 (2004); Accent Delight Int'l v. Sotheby's, Inc. (In re Accent Delight Int'l), 2019 U.S. App. LEXIS 33785, __ Fed. Appx. __, 2019 WL 5960348 (2d Cir. Nov. 13, 2019).

### A. THE EVIDENCE SOUGHT IS NOT WITHIN THE FOREIGN TRIBUNAL'S JURISDICTIONAL REACH, AND WILL BE INACCESSIBLE ABSENT SECTION 1782

All from whom information is sought are entities that conduct business in the US and are outside the reach of the Cayman courts. CohnReznick and Marcum maintain their main headquarters in this district. Chelsea Associates is incorporated in

11

New York and the real estate assets owned by Chelsea Associates are located in this District. RECAP Chelsea's principal place of business is this district and the real estate assets owned by RECAP Chelsea are also in this district. Albanese is a New York based real estate company and its relevant activities took place in New York. GNW is a US based company and all of its operations are in the US. All of the evidence being sought is located in the US. Based on the Respondents' failure to adequately respond to previous requests for information, the evidence sought after is unobtainable absent a § 1782 application.

**B.      THE NATURE OF THE FOREIGN TRIBUNAL, THE CHARACTER OF THE PROCEEDINGS UNDERWAY ABROAD, AND THE RECEPTIVITY OF THE FOREIGN GOVERNMENT OR THE COURT OR AGENCY ABROAD TO U.S. FEDERAL-COURT JUDICIAL ASSISTANCE ARE ALL IN FAVOR OF GRANTING THE 1782 APPLICATION**

The nature of the foreign tribunal is the Grand Courts of the Cayman Islands and the character of the proceeding is a civil business dispute. There is indication that the Grand Court of the Cayman Islands would be adverse to US judicial assistance. This is the type of proceeding in which a 1782 application is designed to be utilized. Additionally, the Order appointing the Receivers in the Foreign Proceeding, explicitly provides the Receivers with authority to commence a legal proceeding in any jurisdiction on behalf of BH06. See Royle Declaration, Exhibit A.

### C. THE 1782 APPLICATION DOES NOT CONCEAL AN ATTEMPT TO CIRCUMVENT FOREIGN PROOF GATHERING RESTRICTIONS OR OTHER POLICIES OF A FOREIGN COUNTRY OR THE UNITED STATES

The transparent intent of the Receivers' 1782 Application is to gather information in aid of the Foreign Proceeding. The application is for the express purpose of gathering information so the Receivers, in their function as court appointed officers can preserve the value of the Share, and their appointed agents including the GNW Directors and BH06 Directors, can properly manage the affairs of all companies under the umbrella and share of BH06 and to file appropriate and accurate financial reports with the Grand Court. There is no attempt to evade any Cayman restrictions or any policies of any country or jurisdiction.

### D. THE INFORMATION SOUGHT IS NOT UNDULY INTRUSIVE OR BURDENSOME

The Applicants seek information which is readily in the possession of the parties from whom the information is sought and is relevant to the management and affairs of BH06 and GNW. Accordingly, all four of the discretionary factors provided by the Supreme Court necessitate that the 1782 Application be granted.

### CONCLUSION

For all of the foregoing reasons, this court should grant Receivers' 1782 Application for Judicial Assistance and appoint a Commissioner with authority to issue

subpoenas to Respondents, seeking the information summarized in Exhibit A attached to the proposed order hereto.

Dated: New York, New York
January 28, 2020

ZEICHNER ELLMAN & KRAUSE LLP

By: _____
Stuart A. Krause, Esq.
Daniel P. Rubel, Esq.
Attorneys for Petitioners
 Hugh Dickson and John Royle
1211 Avenue of Americas
New York, New York 10036
(212) 223-0400