USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 2/4/20.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE APPLICATION OF HUGH
DICKSON AND JOHN ROYLE,

Petitioners,

for an order pursuant to 28 U.S.C. § 1782 for
discovery in aid of foreign proceedings.

No. 20-mc-51 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

On January 28, 2020, Petitioners Hugh Dickson and John Royle submitted an *ex parte*

application for an order pursuant to 28 U.S.C. § 1782 to obtain discovery for use in a civil

proceeding in the Grand Court of the Cayman Islands (the "Grand Court"). Petitioners were

appointed as receivers by the Grand Court to protect and preserve the value of the sole share of the

Cayman Islands-based company Britannia Holdings (2006) Limited ("BHO6") – the 99%

shareholder of a New York-based company, greetnWin.com Inc. ("GNW"). Receivers seek

GNW's company records, which are believed to be in the hands of the former sole director of

GNW, who has failed to cooperate or provide this information. Receivers allege that they need

this information "to, *inter alia*, preserve the value of the Share, properly perform their duties to

manage, through their agents, GNW's affairs including the filing of GNW's tax returns, prepare

financials reports to the parties in the Foreign Proceeding and to file court mandated accurate

records with the Grand Court." Pets.' Mot. 1-2. In support of their application, Petitioners filed a

memorandum of law and declarations from Royle – filed jointly on behalf of him and Dickson –

and Adrian Mackay, the current president and director of GNW. Petitioners seek permission to

serve subpoenas on: (1) Chelsea Associates LLC; (2) CohnReznick LLP; (3) Marcum LLP; (4)

RECAP Chelsea Investment, LLC; and (5) the Albanese Organization Inc. (collectively, the

"Respondents") to provide deposition testimony and to produce documents within their possession, custody, or control concerning the topics listed in Exhibit A. *See* Dkt. 6, Ex. 1. For the following reasons, the Court grants Petitioners' application.

"A district court has authority to grant a § 1782 application where: (1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made, (2) the discovery is for use in a foreign proceeding before a foreign or international tribunal, and (3) the application is made by a foreign or international tribunal or any interested person." *Mees v. Buiter*, 793 F.3d 291, 297 (2d Cir. 2015) (internal quotations omitted).

Petitioners have met all three of these statutory requirements. First, Petitioners aver that all Respondents "conduct business in New York and maintain offices or their principal places of business in New York or are incorporated in New York." Pets.' Mot. at 7. Second, Petitioners have requested the discovery for the pending foreign proceeding in the Grand Court. Petitioners explain that the evidence sought is relevant to the foreign proceeding "because it will be utilized by the Receivers, in their capacity as judicial officers appointed by the court, in a number of ways," including to "allow the Receivers to fulfill their fiduciary duties," "provide parties in the Foreign Proceeding with accounting reports," and "periodically file applications with the Grand Court for renumeration of receivership fees." Pets.' Mot. at 9 ("In sum, the Receivers cannot fulfill their judicial functions as court appointed agents managing the Share or present relevant evidence to the Cayman court in the forms of filings without possessing the sought-after evidence."). Third, Petitioners are interested parties in the foreign proceeding because they were appointed by the Grand Court in the foreign proceeding. *See Deposit Ins. Agency v. Leontiev*, No. 17-MC-414, 2018 WL 3536083, at *4 (S.D.N.Y. July 23, 2018) (concluding that "a Russian governmental

bankruptcy receiver" is an interested person under § 1782). Accordingly, Petitioners have satisfied the statutory requirements for obtaining discovery in aid of a foreign proceeding.

Petitioners have also satisfied the four discretionary factors set forth by the Supreme Court "that bear consideration in ruling on a § 1782(a) request." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004). These factors include:

> (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding," in which case "the need for § 1782(a) aid generally is not as apparent"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign . . . court or agency abroad to U.S. federal-court judicial assistance"; (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions"; and (4) whether the request is "unduly intrusive or burdensome."

*In re Catalyst Managerial Servs., DMCC*, 680 Fed. App'x 37, 38–39 (2d Cir. 2017) (quoting *Intel Corp.*, 542 U.S. at 264–65).

Each of the discretionary factors weighs in favor of granting the subpoena. First, Petitioners explain that "[a]ll from whom information is sought are entities that conduct business in the US and are outside the reach of the Cayman courts." Pets.' Mot. at 11. Second, Petitioners suggest there is no reason to doubt that the Grand Court would not be receptive to this discovery request. They further note that "the Order appointing the Receivers . . . explicitly provides the Receivers with authority to commence a legal proceeding in any jurisdiction on behalf of BHO6." Pets.' Mot. at 12; *see also* Dkt. 9, Royle Decl. ¶ 6. Third, there is no evidence that Petitioners are attempting to circumvent any proof-gathering restrictions imposed by the foreign tribunal or otherwise seeking the discovery in bad faith. Finally, the subpoenas proposed by Petitioners are not unduly intrusive or burdensome.

For the foregoing reasons, it is hereby ORDERED that Petitioners' application pursuant to 28 U.S.C. § 1782 to serve subpoenas on (1) Chelsea Associates LLC; (2) CohnReznick LLP; (3)

Marcum LLP; (4) RECAP Chelsea Investment, LLC; and (5) the Albanese Organization Inc. is

granted. The Clerk of Court is respectfully directed to terminate the motion pending at Dkt. 6.

SO ORDERED.

Dated:    February 4, 2020
           New York, New York

Ronnie Abrams
United States District Judge